[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action; by agreement of the parties, the sole issue is whether, where the reason for eviction is lapse of time, the quit date in the notice to quit may appropriately be the last day of the term of the lease. I conclude that it may be, and judgment may therefore be entered in favor of the plaintiff.
In the case at hand, the parties executed a "license agreement", which is, for our purposes, a lease, for a term of one year. The license agreement expired by its terms on October 31, 1997. On October 14, 1997, the plaintiff caused to be served on the defendant a notice to quit with a quit date of October 31, 1997; one of the grounds stated in the notice to quit is "lapse of time". Although other grounds were stated, in the complaint as well as in the notice to quit, the other grounds were withdrawn and the matter is proceeding solely on lapse of time. The parties agreed in court that the sole issue to be resolved by the court is the legal issue noted above.
It is true that several Superior Court decisions have held that a quit date of the last day of the term is not proper, because a lessee is entitled to possession for the entire length of the term. While there is some logic to this position, there is also logic to the position that such a quit date is proper, as the tenant has until the very last moment of the last day to leave and, in theory, is not entitled to be on the premises a moment after the expiration of the lease. Any protracted discussion of the logic involved is more metaphysical than practical.
Our Supreme Court has held, in Fox v. Nathans, 32 Conn. 348,352-53 (1865), that a quit date of the last day of the term is proper, as even with such a quit date the lessee may be on the premises until the very last moment of the very last day. Although Fox was decided over 130 years ago, it has not been overruled and remains binding authority. Fox has been cited with approval relatively recently. See, e.g., Couloucoundis v.Stevenson, No. SPH 28711, H-665 (Housing Session 1985) CT Page 1357 (Goldstein, J.). Judgment may enter for the plaintiff.
Beach. J.